No. 748.

J. H. STEVENS VS. J. L. HELPMAN.

An unfair preference given by an insolvent to one creditor, and his misrepresentations to his creditors, intentionally made to lull them into a deceptive sense of security, will justify them in attaching his property.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Boarman*, J.

*N. C. Blanchard*, for plaintiff and appellant.

*J. L. Hargrove*, for defendant.

The opinion of the court was delivered by

EGAN, J. Plaintiff sued the defendant, a small shop-keeper in the city of Shreveport, upon accounts for merchandise sold. He at the same time sued out an attachment and had seized a small stock of goods. The grounds set up for attachment are those embraced in the fourth and fifth clauses of article 240 of the Code of Practice. There was judgment for plaintiff for the amount of his demand and dissolving the attachment. From this he has appealed.

The facts are that plaintiff and Roos and Dillon, all merchants of Shreveport, had supplied the defendant with goods for his small establishment; that he had been at first tolerably prompt in paying for them, but, falling behind, was pressed for payment. On the fifteenth of January, 1877, being indebted to plaintiff and several other persons and being, it appears, insolvent, he presented to the district judge a petition and schedule, praying to be allowed to make a *cessio bonorum* under the insolvent laws of the State. Without obtaining or waiting for any order of the judge, he at the same time transferred what he said was all his property subject to seizure, consisting of the small stock of goods in his store, to one Heffner, ostensibly and in terms to be administered and disposed of for the common benefit and account of his creditors. Roos and Dillon immediately transferred their accounts to the plaintiff, Stevens, as he says, to save costs, and with an agreement to pay so much of amounts received, and he, on the eighteenth of January, sued out this attachment upon his own account and those thus transferred.

The store of defendant was closed, and he had apparently stopped business at the time. He had previously represented to the plaintiff and Dillon that the reason of his being slow to pay was that he had been spending money to improve a farm which he professed to have. On the trial he swore that this farm consisted of forty acres of land entered under the United States homestead law, and to be paid for in five years, only one of which had expired; that the only improvement was the clearing of *one acre* of ground by a man whom defendant had hired for that purpose, and that he had expended not more than twenty-five

dollars on the place, *had never lived upon it*, and the title was then in litigation between him and one Herold. This, then, was clearly a misrepresentation, designed and calculated to deceive and lull his creditors into a false sense of security. His title was at best but inchoate, the amount expended inconsiderable, and the circumstances detailed indicate a purpose on his part to defraud the Government, as one of the conditions of such entries is occupation of the land. Under the circumstances this land was no basis of credit, though attempted to be used as such.

Defendant's wife owned, before these debts were contracted, a lot, upon which she made improvements with money earned by her as dressmaker since the debts were incurred. She is not separate in property, but advertises and conducts business in her own name and buys and sells in her business the same way, of which plaintiff complains, we think, without cause.

The defendant put part of his stock in a small establishment kept by his brother-in-law, Koach, in Mugginsville, a suburb of Shreveport, and some time in December, before this attachment, sold the goods to his wife's sister, Mrs. Koach, as he says, in payment of a debt of one hundred or one hundred and fifty dollars, which he owed her for borrowed money, upon which he claimed still to owe a small balance of fourteen dollars. These goods, so used, were in all probability some of those purchased from plaintiff, Roos, and Dillon.

While defendant may have been to some extent misled by the attorney who found the statute in the books and supposed a *cessio bonorum* under the insolvent laws of the State might be made without reference to the existence and operation of the United States bankrupt act, it is nevertheless evident from the circumstances detailed that the object of the defendant was, so far as possible, the obstruction and avoidance of the pursuit of his creditors and of the payment of his just debts.

While attended with this novel feature of the so-called assignment, never accepted nor consented to by his creditors, who appear not to have been consulted in the matter, we can not look upon this otherwise than as another of those too frequent cases of an attempt on the part of small tradesmen to defraud their creditors. That an unfair preference was given by defendant to one of his creditors, his sister-in-law, under suspicious circumstances, is clearly shown. We think the attachment was warranted and should have been maintained.

We can not give our sanction to the dishonesty attempted to be practiced by the defendant and which has become latterly far too common. So far as it is in the power of the courts to do so it should be stopped.

After the attachment several other non-resident creditors intervened

Stevens vs. Helpman.

by way of opposition, claiming their right to be paid ratably out of the proceeds of the property attached, upon the ground of the insolvency of the debtor and that this was all his property. Their oppositions were dismissed in the court below, and they have not appealed. It is therefore unnecessary to consider their claims.

It is therefore ordered, adjudged, and decreed that the judgment of the court below dissolving plaintiff's attachment be annulled, avoided, and reversed; that the attachment be and it is hereby reinstated; that the plaintiff's privilege as attaching creditor be recognized and enforced by the sale of the property attached; that the judgment of the court below be in all other respects affirmed; and that plaintiff recover against the defendant the costs of appeal as well as of the court below, including those of attachment.